if you could please approach. Morning. Morning. Can you give us your names and let us know who you represent? Sure. Good morning, Your Honors. My name is Milo Lundblad, and I represent the plaintiff in this case. Good morning, Your Honors. My name is Marcy Thorpe, and I represent the defendant, Best Western, the appellee. Okay, 15 minutes per side. Save some time for rebuttal if you need it. All right. Thank you. Oh, why don't you give them that announcement. Counsel, just for your information, these mics do not enhance voice. They just record. So you have to remember to speak into them so that the recording is good for the online version of this, and also speak up so that the people in back can hear what you're saying. Not to mention the hearing impaired judge up here. What? The lowest hanging fruit is always grabbed first. Please proceed. Thank you, Your Honor. Good morning. We're here because the plaintiff in this case believes that there was a miscarriage of justice that was done by the jury in this case. This was a wrongful death action involving a vibrant, charismatic 13-year-old boy who tragically died in a drowning accident at defendant's hotel. The evidence in the case, and I don't think it would be disputed by the defendant, is that Marcus Smith had a loving relationship with both his mother and his father. Even though the two had separated, they lived within a block or two of each other. He was constantly either at her house, his house, actively engaged in activities with them all the time. Sporting activities, watching basketball games. I don't think anybody would dispute, number one, that the death of this young man was a tragedy. Number two, that his parents both loved him and had relationships with him that were cherished relationships. Reading the briefs, reading the cases that were cited, we've all seen cases, indeed almost every case that's ever tried, people are disappointed on one side or the other with how a jury assesses damages. I don't see any cases in which a damage assessment of $200,000 plus for an injury of this type was found by a reviewing court to be so woefully inadequate as to require another trial. Can you enlighten me on that? Well, I think Your Honor is correct that there is no case that deals with that number specifically. But I think what the case is in- Anything approaching that number would be helpful. I need a $50,000 one. I understand. I think in this case, the reason why we are seeking a new trial is that the, it appears that the process and how the jury reached its result ignored and was against the instructions or the way the law should have been applied. But didn't you contribute to that process by putting the wrong instruction in about contributory negligence for beneficiaries? Absolutely. I think in this case, both parties, it was a mutual mistake by the court, both parties. I was the one who tendered the instructions, so yes. But I think even putting that aside, I believe the stumbling block that the jury had is that in this case, there were two potentially culpable parties. The first was the hotel. And the primary theory against the hotel was the clerk who was watching the tragedy unfold on the monitor and didn't do anything. He only acted when he saw people jumping into the pool with clothes on and he was concerned about the filters getting clogged. The other part would be the four siblings who were at this gathering, the older brothers and sister of Marcus. You represented them effectively along with the administrators, right? That is correct. However, there was claims against them of comparative fault. And I believe based on the question that was sent back by the jury in the middle of their deliberations. Why didn't they have different counsel? I mean, if you have the administrator, the mom and the dad, let's put mom and dad and then the potentially culpable kids. You know, is there some kind of an inherent conflict there? Well, we potentially, I mean, what we represented, I mean, we defended or presented this story and defended their conduct. I'm not sure that different counsel would have made any difference. The problem in this case is that under the law, under the Wrongful Death Act, the jury is barred from making line item damages awards to each beneficiary. The trial judge is given that authority under the statute. We had offered instructions or a verdict form that would have done that. It was rejected. However, there is no basis to bring that issue before the court because the statute is very clear and the case law is very clear that that's not permitted unless agreed to by both sides, which it wasn't in this case. So that the jury had looked at the situation where they were going to potentially reward people who were at the party and in their minds at fault because they did find comparative fault against each of those. And that they were questioning. Their question came out and said, is our decision based on a negligence of solely Marcus or should we take into account the guardian's responsibility? So I think that demonstrates that there was a conflict in that jury room between those who thought the hospital was liable and those who thought that the siblings were liable. There's a conflict between the people who are potentially allowed to recover. There's a conflict because you have some of the siblings who arguably weren't paying attention to the little guy. And then you have the parents who had nothing to do with it. There's your conflict. Well, if the jury had properly followed the instruction as it set out in paragraph the first, is that they were to determine, number one, was River North Hotel liable? They answered that question affirmatively, yes. The next step then is for that jury to have determined what are the total damages for loss of society that they should find in this case. Then finally, and only finally after reaching that step, that they then apportion the fault among the defendant and the four people against whom there was claims of comparative fault. You don't think they did that the right way? It appears to me I think that they were. Do you have any affidavits from any of the jurors to that that would substantiate your argument? We don't, but I believe under the case law that that would not be evidence that would be permitted by this court because I believe the case law is pretty clear that you can't impeach a jury's verdict by affidavit. You can only show outside influences that might have affected, but you can't show the process. But I think that the court can look at the issues in the case, what the jurors had to determine, and how they reached their decision. And it seems to us, the plaintiff, that the jury convoluted their deliberations, that they came up with a compromise amount that they thought represented a fair assessment of damages against the defendant. I'm intrigued by Justice Lavin's question because you have a situation here where you could have with split counsel, you could have a lawyer standing up there and saying whatever you think about the behavior of the siblings, these two people whom I represent, the mother and the father, were absolutely not there and could not even be arguably at fault. And if you think that there was a compromise there, which frankly I think is highly speculative, wouldn't it have been cured by that? I'd have to respectfully disagree, Your Honor. And the reason is that whether or not there were separate counsel for the children, it would not have changed the way the jury would have been instructed. They still would have had the same exact instruction. And the reason for that counsel is because you tendered the wrong instruction. So if you had separate counsel for the children and they still decided to go forward, even though there was pretty obvious facts that could hold them potentially liable, and the court instructed the jury that anybody who is contributorily negligent at this point in time cannot recover as a matter of law, and you have the instruction that was given that says that the parent's conduct is not an issue in this case, then the jury isn't going to be misled at all. They're going to be led right down the path of compensating those who are entitled and potentially saying no to those who are potentially culpable for their comparative negligence. I think the error, the confusion, the process problems is potentially at your doorstep. Because of the instruction. Sure. I would agree, Your Honor, that had the instruction been given that reflected the law in effect at the time, the jury then would have had the opportunity to bar any of those that they thought were comparatively false. And aren't you basically saying that if they were properly instructed, aren't you arguing here that the parents would have gotten more money? Yes. Yes. I mean, that's. Then how can you argue that while you still represent these other kids who are found to be contributorily negligent? Well, I don't understand where you're coming from. Well, if the, well, it was a error, I believe, made by all the parties that we failed to recognize or recall or research the fact that there had been a change in the law in 1997. And there were other instructions that were tendered that really dealt properly with that, were there not? I'm sorry, what other instructions are you referring to? Weren't there other instructions that were tendered as to suggesting how the jury should go about its business in assessing the verdict? Well, there were the standard instructions on defining what loss of society was. There was also the instructions given about, at least with Marcus, that it would have to be found more than 50% at fault to be barred. And the similar instruction improperly went in saying the same thing about the four beneficiaries. So that there, I don't think there was any other instruction that dealt specifically with the problem that occurred in this case. But I think even putting aside the... Let's go to the number here. You're talking 200,000 is palpably inadequate as a matter of law. And I appreciate that your co-counsel asked for $8.5 million. But other than that figure, what do we have to sort of hang our judicial hat on to suggest that you might have a plausible argument that 200 is palpably inadequate? Well, we can look across the board or look at jury verdicts. I mean, they do go across different lines. And I think the case law regarding determining whether or not a jury award is inadequate is fact specific. But you have to look at the facts themselves. I think the dissent in the Dobin case, the case cited by defendant, is instructive. There was an award of $150,000. And it was reduced by 50% due to the plaintiff's comparative negligence. And there was evidence to suggest that the decedent had caused her own death either by accidentally or intentionally taking too many drugs or medication. And again, in the dissent, the justice there looked at the $150,000, looked at the relationship. And in his opinion, he would have awarded a new trial because the number did not reflect and was not supported by the evidence. And I think a similar situation is here, that you have to look at the case facts specifically. And in this case, the relationship that existed between Marcus and his parents was extremely strong. It was a remarkable relationship. And I think that under the circumstances that the award of $200,000 is inadequate. In terms of facts, in the defendant's, the appellee's brief on page 3, it says, Anthony Smith was scheduled to go to jail and enter a drug rehabilitation program, so he decided to throw a party at this hotel. Was that fact heard by the jury? No. The jury did not hear that. That was... That was in limine out? It was. So that is only in the record as part of a sidebar conversation. The jury was not informed of that. And I do not, I mean, it was certainly not relevant at all to the facts of the case. Now, your argument in the main is that this instruction erroneously given affected the total amount of compensation that was awarded by the jury. Is that correct? Yes. I think indirectly, yes. And I think the instruction, I mean, there is case law that shows, that indicates, it stands for the proposition that if a mistake in instruction is given, regardless of how the error came about, and it has a prejudicial effect, that that should entitle, or that should require a new trial. But was it correct that the jury was instructed as part of their total instruction package that they were not to consider the contributory negligence of the beneficiaries in arriving at the total amount of damages, if any, in this case? The, I mean, that would have been as part of the verdict form giving the instructions as to the process that they were to go through. They were so told. In the verdict form that the first thing they were to do is to determine liability. Were they to follow that instruction of the court, and if they followed that instruction of the court, how could this have had an impact on the total amount that was awarded in damages? Well, going back to, I guess, repeating what I've said before, is that I believe that there was, the way the instructions were at the time, is that there was the conflict between what appears to be a segment of the jury who wanted to award damages and finding of liability, and another segment who did not want to reward the siblings who were present. So your theory is based upon the speculation that the jury ignored the part of the instruction that I just referred to, and did indeed consider the contributory negligence of some of the plaintiffs in arriving at the total damages in contravention of the instruction that the court gave? Well, I don't believe it's speculation. I think that there are factors that can be looked at that can lead to that conclusion. I mean, there are other cases where courts have found that verdicts have been the result of compromise, and they've ordered new trials. But you don't have any jury questions here or anything, you know, questions from this jury that would substantiate, you know, where you want us to go? Well, there in fact was a jury question, and the question that... I know there was one, but how does that question relate to what we're talking about here, that they didn't follow the instruction and went to the last item first? Well, the question that came out where they were asking whether they should look solely to the negligence of Marcus or take into the account the negligence of the guardians, as they put in quotes, I mean, we can all interpret that question as we wish, but I think a fair interpretation of it is that that suggests that there was this conflict between those who wanted to find against defendant and award damages, and those who thought the guardians were the responsible party, and there shouldn't be any. I mean, and I think that you have to look at three things. Why is that not just an indication that they were considering each person's or each entity's respective level of responsibility? Well, I think that that can be an interpretation of it, but I think it has to be... But that would be consistent with the law, would it not? That interpretation would be, but I think the court needs to look at the broader picture and has to look also at the evidence in this case. I think that the hotel's behavior through its clerk was egregious in that he sat watching a monitor for 15 minutes, watching these kids swimming alone and didn't do anything, and that the only time he acted was when he saw people jumping in the pool with their clothes and he was concerned about the drain getting clogged. Again, the jury's entitled to determine whether that conduct is egregious when compared with a group of adults who let three children go up to a swimming pool unsupervised and remain unsupervised. Exactly, and I believe that was the conflict in the room, that there was people, there were jurors who did not want to reward those people who were there and whom they thought were responsible and compared to the defendant. Thank you. Thank you, sir. Good morning, Your Honors. I plan to keep my arguments here short this morning. You're obviously well-read of the briefs, well-versed of the facts, and the law is well-established. We surprise people sometimes. Okay. Well, let me, in light of your comment, let me ask you, one of the first facts that you talked about in your brief is what I mentioned before with Mr. Lundblad, and that is that you put in the brief to this court that the party was set up because a guy was going to go to jail and then drug rehab. If the jury didn't hear it, why do we need, why do you need to put it in so prominently in your brief? To make us think that these people are bad people or something? No, it puts the party in perspective, but it also, there is one fact. Why does it put the party in perspective? The purpose of the party, if it was to celebrate Satan worship, wouldn't have any impact on the facts of this case. It seems to me it is just a smear. Well, it also puts in perspective why the jury was instructed not to, that Anthony Smith didn't have any contact with Marcus Smith for two years, and it explains why he didn't have any contact with him. The jury was instructed about that, and they were instructed to consider that in their award of pecuniary injuries. Okay. No, it explains, no, he didn't have any contact with him because he was in jail, not because he was going to jail. Isn't that, wasn't he going to jail? Wasn't the party because he expected to be going to prison? That's correct. Okay, so if he'd been in prison and hadn't had any contact with him, that's not the same thing. So why is this mentioned here? Isn't this a good time to say you overreached? Yes. Okay, let's move on. Plaintiff's arguments in this case infer a biased jury and a manipulative jury, and there's no basis for that assumption in the record. If the jury did want to manipulate this verdict, they could have. You are correct, they were instructed exactly. You are not to consider the fact of any contributory negligence in arriving at the total amount of damages. The law is presumed that they followed that. They were told to determine the damages in the verdict form. They did, and then they distributed the negligence. If the jury wanted to manipulate the damages, they could have said we don't want Anthony Smith to recover any money. He's the one who threw this party. We don't, we don't think he should recover. He knew there was a swimming pool. Potentially he was there with the children. We need to change these numbers so he gets no money. They could have determined that he was more than 50% negligent. They were instructed if they find somebody more than 50% negligent, that person will not recover. They didn't do that. The thing I can't understand is how do you have, you know, both firms are extremely well versed in this area of law. Both firms have been trying these cases for decades. And on behalf of the plaintiff, you have an instruction that inaccurately states the law on contributory negligence and a wrongful death case in which there's evidence of contributory negligence. And you have a defense firm that handles these cases all the time and doesn't object because the law has been changed. How does this happen? I think it happens based on this time frame. I mean, we're talking about now today it's 16 years later. So it was tried 15 years later. The point is you don't even get to that issue because it's been weighed. You don't get to the issue of whether there was an error in the instructions. It was weighed. The plaintiff tendered the instruction. They benefited by it. The court gave it at the behest. I don't know if they benefited by it as much as the defendant did. I mean, to me, the defendant would benefit by it because they're getting the evidence in here of these other kids who were negligent. And the jury can go back there and talk about percentages and back and forth instead of saying, you know, if you're at all contributory negligent, you get nothing. To me, you can read it as a way where it benefits the defendant. I'm not saying you said, why don't you put this bad instruction in? You went along with it, but they had to tender it. But I think it could be constructed in a way that it benefited the defense. Well, I don't think there's any basis in the record to say that. Again, it doesn't look like they manipulated the numbers. Well, I agree with you there. I think it's hard to discern either way because there's, you know, one is speculating either way. Well, when they had a question, they asked it. Right. Right. And they were instructed to follow these two instructions regarding negligence. And the plaintiff doesn't complain about that. Right. And so they're, again, presumed to have followed that, what the courts told them to do. And they had no further questions after that. So it's the defendant's position that the plaintiff did receive a fair trial. And it's time to put this case to rest. And now, 16 years later, it's time to put 13-year-old Marcus Smith to rest. We ask that you affirm the trial court's decision. Deny the plaintiff a new trial. Unless you have any questions, Justice Pachinski? No. I, you've got a judge, a defense firm that deals with this all the time, a plaintiff's firm that deals with it all the time, and no one thought to say, oh, wait a minute, that's not the right instruction. We can do better than that. That's the wrong one. And I'm just having a hard time dealing with it. Well, I don't think you need to get to that because, again, it's a waived issue. The law is that you don't reach that issue when it's tendered by the plaintiff. And if you do, there's no prejudice. Thank you. Thank you. Thank you, counsel. I only have a couple of remarks relating to the last point. And I think that, as the court has pointed out, that this was the error in the instruction was a multiple error. I mean, as custom, the plaintiff tendered a group of instructions first. Everybody missed it. I think there's the concept that certainly in the criminal aspect where if there's clear error that the case should be retried. And I think that is an ideal that I believe cases should be tried on the appropriate law. And this one wasn't. And that's why we're asking for a new trial. Thank you. Thank you. We will take the matter under advisement. You'll hear from us directly. Thank you very much. We're adjourned. There's going to be a panel change for the next case.